<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAKHZOD SHOKIRJONIY, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CLINTON TOWNSHIP, *et al.*, <br><br> Defendants. | Case No. 3:18-cv-08904 (BRM) (DEA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Rehearing (ECF No. 58) filed by Plaintiff Shakhzod Shokirjoniy ("Plaintiff") seeking a rehearing of this Court's May 29, 2020 Opinion and Order (ECF Nos. 51 and 52), which granted Defendant Jonathan Danberry's ("Defendant Danberry") Motion to Dismiss Plaintiff's Complaint. Defendant John Doe Police Officer filed an opposition and Defendant Danberry joined in the opposition. (ECF Nos. 62, 68.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion for Rehearing, construed by this Court as a Motion for Reconsideration, is **DENIED**.

**I.    BACKGROUND**

The underlying facts are set forth at length in this Court's May 29, 2020 Opinion (ECF No. 51), from which Plaintiff seeks a rehearing. In the interest of judicial economy, the Court refers

the parties to that Opinion for a full recitation of the factual and procedural background of this dispute.

## II.     LEGAL STANDARD

Here, Plaintiff seeks a rehearing of this Court's May 29, 2020 Opinion. Courts in this circuit have construed such motions for rehearing as motions for reconsideration. *See Gittens v. Pavlack*, Civ. A. No. 20-2880, 2021 WL 320715, at *1 n.2 (3d Cir. Feb. 1, 2021) (affirming district court's treatment of petitioner's motion for rehearing as a motion for reconsideration); *Ward v. Delaware*, Civ. A. No. 15-487, 2019 WL 3205785, at *2 (D. Del. July 16, 2019) ("Although titled 'Motion for Rehearing En Banc,' the Court will treat the instant Motions as though filed pursuant to Rule 59(e) because Petitioner filed the first Motion for Reconsideration within 28 days after the entry of judgment."); *Biggins v. Carroll*, Civ. A. No. 9901880, 2002 WL 31107365, at *1 (D. Del. Sept. 23, 2002) (treating motion for rehearing "as a timely motion for reconsideration pursuant to Rule 59(e)").[1] Therefore, the Court will treat Plaintiff's Motion for Rehearing as a Motion for Reconsideration.

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010).[2] The

---

[1] To the extent applicable, courts in this circuit deciding motions for rehearing in bankruptcy actions have similarly decided those motions under a motion for reconsideration analysis. *See In re Lau*, 684 F. App'x 235, 239 (3d Cir. 2017) (noting a motion for rehearing "functions, essentially, like a traditional motion for reconsideration"); *In re Lisanti Foods, Inc.*, Civ. A. No. 04-3868, 2006 WL 2927619, at *4 (D.N.J. Oct. 11, 2006) (applying motion for reconsideration standard when ruling on motion for rehearing); *In re Dahlgren*, Civ. A. No. 09-18982, 2011 WL 2160884, at *3 (D.N.J. June 1, 2011) (same).

[2] Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a

comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration:

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

---

motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). *Id.* For the same reasons Plaintiff's Motion is denied on the merits under the Local Rule, it is denied under the Federal Rules. *See Holsworth v. Berg*, 322 F. App'x 143, (3d Cir. 2009) (construing motions for reconsideration as the functional equivalent of a Rule 59(e) motion to alter or amend a judgment which requires either "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice").

3

*Blystone*, 664 F.3d at 415–16 (citations omitted). Additionally, a court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted); *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988).

### III.   DECISION

Plaintiff seeks reconsideration of the Court's May 29, 2020 Opinion and Order granting Defendant Danberry's Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 58 at 1.) Plaintiff's Second Amended Complaint alleged claims for unreasonable search and seizure, retaliation under the First Amendment, unreasonable use of force and search and seizure, malicious prosecution, and violation of the Eleventh Amendment. (*See generally* ECF No. 30.) The Court stated, "the Second Amended Complaint is silent on whether Danberry, or any of the Defendants,

4

is being sued individually or on his official capacity, or both." (ECF No. 51 at 9.) Therefore, the Court granted Defendant Danberry's Motion to Dismiss to the extent he was sued in his official capacity. (*Id.* at 10.) The Court also found the claims asserted against Defendant Danberry in his individual capacity failed to state a claim. (*Id.* at 13.)

Plaintiff rehashes arguments made under *Bivens* and the subsequent cases interpreting it. Plaintiff notes "in *Bivens*, the Supreme Court established that victims of constitutional violations by federal agents have a cause of action under the Constitution to recover damages." (ECF No. 58 ¶ 6.) A cause of action in this setting, Plaintiff argues, can be defeated in two situations—neither of which Defendant Danberry can demonstrate. (*Id.* ¶ 9.) These two situations include: "(1) when an alternative remedy is both (a) explicitly declared to be a substitute and (b) is viewed as equally effective or (2) in the presence of 'special factors' which militate against" such a remedy. (*Id.* ¶ 11.) According to Plaintiff, Defendant Danberry cannot show that a sufficient alternative remedy exists and has not demonstrated "special factors counseling hesitation in the absence of affirmative action by Congress." (*Id.* ¶¶ 9–10.)

Further, Plaintiff argues Defendant Danberry watched as Plaintiff's constitutional rights were violated, even though Plaintiff "had committed no infraction of law in the State of New Jersey [and] then had false and malicious charges filed against him in retaliation after the assault." (*Id.* ¶ 14.) Plaintiff repeatedly refers to a video of Defendant Danberry, which was sent to this Court along with Plaintiff's Motion. (*Id.* ¶¶ 1, 2, 19, 20, 30.) Plaintiff relies on this video to argue Defendant Danberry was acting under the color of state law and deprived Plaintiff of his constitutional rights. (*Id.* ¶ 30.) Lastly, Plaintiff cites *Haines v. Kerner*, 404 U.S. 519 (1972) for support that *pro se* plaintiffs are held to less stringent standards than lawyers. (*Id.* ¶ 32.) For the reasons set forth below, Plaintiff's Motion for Rehearing is denied.

Plaintiff's Motion does not clearly indicate whether he is arguing there is an intervening change in the controlling law, the existence of new evidence that was not previously available when this Court granted Defendant Danberry's Motion to Dismiss, or that the Court needs to correct some clear error of law or fact to prevent injustice. *See AstraZeneca Pharms. L.P.*, 769 F.3d at 848–49. However, the Court will review Plaintiff's Motion under each of the three grounds.

First, Plaintiff refers to several cases in his Motion: *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Castaneda v. United States*, 546 F.3d 682 (9th Cir. 2008), *rev'd sub nom. Hui v. Castaneda*, 559 U.S. 799 (2010); *Carlson v. Green*, 446 U.S. 14 (1980); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled by Daniels v. Williams*, 474 U.S. 327 (1986); and *Haines v. Kerner*, 404 U.S. 519 (1972). (*See generally* ECF No. 58.) Plaintiff previously relied on *Bivens*, *Castenada*, and *Carlson* in his opposition to Defendant Danberry's Motion to Dismiss. (*See* ECF No. 34.) In fact, most of Plaintiff's Motion for Rehearing is a word-for-word recitation of his opposition. (*Compare* ECF No. 58 ¶¶ 1–25 *with* ECF No. 34 ¶¶ 1–20.) Plaintiff's Motion for Rehearing adopts nearly all the language in his opposition and adds two more cases (*Parratt* and *Haines*) for support that (1) Defendant Danberry violated Plaintiff's due process rights and (2) *pro se* complaints are held to a less stringent standard than lawyers. (ECF No. 58 ¶¶ 28–32.) Therefore, Plaintiff does not point to any intervening change in controlling law, much less argue that an intervening change in controlling law justifies reconsideration of this Court's May 29, 2020 Opinion and Order. Accordingly, Plaintiff has not made a sufficient argument under the first ground for reconsideration.

Second, Plaintiff repeatedly refers to a video that allegedly shows theft by Defendant Danberry throughout his Motion. (*Id.* ¶¶ 1, 2, 19, 20, 30.) Plaintiff referred to this video in previous briefs as well, including his brief accompanying his Motion for Summary Judgment (*see* ECF No.

6

20-1 ¶¶ 11, 25, 28, 29, 41, 44, 50, 55) and opposition to Defendant Danberry's Motion to Dismiss. (ECF No. 34 ¶¶ 15, 22.) Plaintiff appears to have sent the video to this Court along with his Motion for Rehearing. (*See* ECF No. 58 at 1; ECF No. 58-2.) As noted above, new evidence in the context of a motion for reconsideration "means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Blystone*, 664 F.3d at 415–16. Plaintiff does not argue anywhere in his Motion that the video is new evidence, let alone argue that it is new evidence that justifies reconsideration.[3] (*See generally* ECF No. 58.) Therefore, Plaintiff does not provide a sufficient argument under the second ground for reconsideration. *See OR v. Hutner*, 576 F. App'x 106, 110 (3d Cir. 2014) (affirming district court's denial of appellants' motion for reconsideration when "Appellants did not show that the evidence that they submitted in support of their motion for reconsideration was new evidence that was not available when the District Court ruled on the underlying motions").

Finally, Plaintiff argues:

> As the Court misstated about the third amended complaint because it was never entered on the record, but Joe Sangiovanni and a co defendant Officer Danberry stated that they were kicked in the face so that they could level the playing field this was the ongoing pattern of practice of conduct but this Court doesn't look at it that way.

(ECF No. 58 ¶ 24.) This is the only argument in Plaintiff's entire Motion that attempts to hint at error by this Court. Plaintiff appears to take issue with Magistrate Judge Arpert's October 9, 2019 denial of Plaintiff's Motion for Leave to Proceed with a Third Amended Complaint. (*See* ECF No.

---

[3] Plaintiff's Third Amended Complaint references different sections of video tape through time stamps. (*See* ECF No. 35 at 2.) The Third Amended Complaint was filed before the Court on September 23, 2019. (*See id.*) While Magistrate Judge Arpert denied Plaintiff's Motion for Leave to Proceed with a Third Amended Complaint (ECF No. 40), the time stamps referenced by Plaintiff indicate the video was previously available to Plaintiff before the Court's May 29, 2020 Order and Opinion. (ECF Nos. 51, 52.)

40.) However, nowhere in his Motion does Plaintiff argue, let alone demonstrate, that the "holdings on which [this Court] base[d] its request were without support in record" or that the Court's dismissal of Plaintiff's Second Amended Complaint "would result in 'manifest injustice' if not addressed." *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6. Therefore, Plaintiff has not made a sufficient argument under the third ground for reconsideration.

In sum, the arguments in Plaintiff's Motion amount to nothing more than disagreement with this Court's May 29, 2020 Opinion and Order. A party seeking reconsideration must show more than disagreement with the Court. *Rich v. State*, 294 F. Supp. 3d 266, 273 (D.N.J. 2018) (on a motion for reconsideration, "[m]ere 'disagreement with the Court's decision' does not suffice"). And as discussed above, Plaintiff's Motion for Rehearing includes all the same cases and arguments presented in his opposition, which was presented to this Court before deciding Defendant Danberry's Motion to Dismiss. By doing so, Plaintiff has not met his burden of showing reconsideration is proper. *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 415 (D.N.J. 2005) ("A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through—rightly or wrongly"); *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (noting that "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden"). Accordingly, Plaintiff's Motion for Rehearing is **DENIED**.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Rehearing, construed by this Court as a Motion for Reconsideration (ECF No. 58) is **DENIED.** An appropriate order follows.

**Date:** February 23, 2021  /s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**