<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAKHZOD SHOKIRJONIY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CLINTON TOWNSHIP, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-08904 (BRM) (DEA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendant Judge Eric Perkins ("Judge Perkins") seeking to dismiss Counts V and VI of Plaintiff Shakhzod Shokirjoniy's ("Plaintiff") Second Amended Complaint (ECF No. 30) pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6). (ECF No. 66.) The Motion is unopposed. Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **GRANTED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Second Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington*

*Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

The underlying facts are set forth at length in this Court's May 29, 2020 Opinion (ECF No. 51). In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

On July 18, 2018, Plaintiff filed an Amended Complaint to add counts alleging violations of rights pursuant to 42 U.S.C. § 1983, as well as claims under New Jersey's Tort Claims Act, the New Jersey Legal Malpractice Act, and the New Jersey Unfair Practices Act. (Am. Compl. (ECF No. 8).) However, only two further counts are listed in the Amended Complaint: Count V, alleging a conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985; and Count VI, alleging a violation of 18 U.S.C. § 241. (*Id.* ¶¶ 95–96.)

Plaintiff filed the Second Amended Complaint on August 19, 2019. (ECF No. 30.) The Second Amended Complaint adds a malicious prosecution claim, a count referencing the Eleventh Amendment stating that New Jersey can be sued by a resident of Ohio, and another search-and-seizure count, this time involving a flashlight. (*Id.* ¶¶ 107–12.)

On September 13, 2019, defendant Danberry filed a Motion to Dismiss the Second Amended Complaint. (ECF No. 32.)[1] On May 29, 2020, this Court dismissed Counts I, III, and IV of Plaintiff's Second Amended Complaint as well as two additional claims in Plaintiff's Second Amended Complaint, both labeled as "Count II." (ECF No. 51 at 13–14.) The Court did not dismiss Counts V, VI, and VII because those claims did not implicate Danberry. (*Id.* at 14.) On June 30,

---

[1] That same day, Plaintiff moved to file a Third Amended Complaint. (ECF No. 35.) This Motion to Amend was opposed by defendants McCloskey, Sangiovanni, Schlesier, and the City of Clinton. (ECF No. 37.) At an on-the-record status conference with the parties, the Court denied the Motion to Amend. (*See* ECF No. 40.)

2020, Plaintiff filed a Motion to Reconsider the Court's May 29, 2020 Opinion (ECF No. 58), which the Court denied on February 23, 2021 (ECF No. 77). On August 10, 2020, Judge Perkins filed a Motion to Dismiss Counts V and VI of the Second Amended Complaint. (ECF No. 66.) On September 15, 2020, Magistrate Judge Arpert held a telephone status conference with the parties and ordered "Plaintiff's opposition papers must be filed by September 28, 2020." (ECF No. 69 at 1.) On October 26, 2020, Plaintiff filed a "Motion to Extend Court Deadline" requesting "an additional time of 14-21 days to complete certain Court orders" because of "unforeseen circumstances." (ECF No. 73 at 10.) Plaintiff also requested the Court transfer this action to the Eastern District of New York "due to bias and prejudice of the Court itself." (ECF No. 73 at 5.) Both Judge Perkins and defendants Sangiovanni, Schlesier, and the City of Clinton filed oppositions to Plaintiff's Motion to Transfer. (ECF Nos. 74, 75.) While Plaintiff filed a reply to these oppositions (ECF No. 76), Plaintiff never filed an opposition to Judge Perkins' Motion to Dismiss despite the deadline being extended to do so.[2]

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

---

[2] Document Number 76 was docketed as "RESPONSE to Defendant's 66 Motion to Dismiss filed by SHAKHZOD SHOKIRJONIY." However, upon further review, the filing is Plaintiff's reply to his Motion for Extension of Time and Request for Transfer of Case. (ECF No. 73.) Therefore, the Clerk's Office will be directed to revise ECF No. 76 to reflect the submission.

than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires that the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pleaded; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy*

*Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint.'" *Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220).

### III.  DECISION

Judge Perkins argues the Second Amended Complaint should be dismissed because it fails to state any wrongdoing on behalf of Judge Perkins. (ECF No. 66-2 at 9.) Judge Perkins contends Plaintiff failed to allege any facts to support his claims for malicious prosecution and malicious abuse of process under 42 U.S.C. § 1983. (*Id.* at 9–10.) Specifically, Judge Perkins asserts Plaintiff "does not allege that Judge Perkins presided over his municipal court matter, conspired to obstruct justice, initiated a criminal proceeding against Plaintiff, or prosecuted an action against him, because he did not." (*Id.* at 10.) Further, Judge Perkins contends if the Court can construe a claim against him "it is undisputed that [he] is a municipal judge and was acting under color of state law and in the course and scope of his employment as a municipal judge in the City of Clinton at all times material" and therefore, "is entitled to absolute judicial immunity." (*Id.* at 11.)

"Pro se complaints must be construed liberally." *Healy v. U.S. Post Off.*, 644 F. App'x 163 (3d Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)). However, "a litigant is not absolved from complying with . . . the federal pleading requirements merely because s/he

5

proceeds *pro se.*" *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Despite Plaintiff's failure to oppose the motion, the Court will conduct a merits analysis. *Chocallo v. I.R.S. Dep't of the Treasury*, 145 F. App'x. 746, 747–48 (3d Cir. 2005) ("The District Court erred . . . by relying on a local rule to grant the motion to dismiss a *pro se* litigant's complaint as unopposed without undertaking a merits analysis."). Plaintiff brings Count V against Judge Perkins for "Conspiracy to interfere with civil rights (2) Obstructing justice; intimidating party, witness, or juror" under 42 U.S.C. § 1985. (ECF No. 30 ¶¶ 105–06.) And Plaintiff brings Count VI against Judge Perkins for malicious prosecution and abuse of process. (*Id.* ¶¶ 107–10.) The Court will review Plaintiff's allegations in the Second Amended Complaint for each count.

Conspiracy to interfere with civil rights occurs "if two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). "To state a claim under Section 1985(2), Plaintiffs must, among other things, 'set forth facts from which a conspiratorial agreement between the defendants can be inferred.'" *Patel v. Crist*, Civ. A. No. 19-9232, 2020 WL 6156772, at *3 (D.N.J. Oct. 20, 2020) (citing *Parrott v. Abramsen*, 200 F. App'x 163, 165 (3d Cir. 2006)). Civil rights conspiracies brought under § 1985 "require a 'meeting of the minds,' and to survive a motion to dismiss, plaintiffs must provide some factual basis to support the existence of the elements of a conspiracy, namely, agreement and concerted action." *Voth v. Hoffman*, Civ. A. No. 14-7582, 2016 WL 7535374, at *9 (D.N.J. Apr. 28, 2016) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008)).

As best the Court can tell, Plaintiff attempts to allege Katherine Erickson ("Erickson") and Judge Perkins conspired to deprive Plaintiff equal protection of the laws. (ECF No. 30 ¶¶ 105–06.)

Plaintiff barely makes any allegations in his Second Amended Complaint about either Erickson or Judge Perkins. (*See generally id*.) Only two paragraphs of the Second Amended Complaint mention both Erickson and Judge Perkins. First, Plaintiff alleges "the Defendants depriving plaintiff of rights or privileges on April 25, 2018 [Erickson] the City Prosecutor was instructed by Judge Perkins not to prosecute the matter." (*Id.* ¶ 105.) Second, Plaintiff asserts "Judge Perkins left the bench indicating that he met with [Erickson] outside the Court room which violated the due process cause of the Plaintiff." (*Id.* ¶ 106.) Plaintiff has not provided any factual basis to support the existence of an "agreement or concerted action" between Erickson and Judge Perkins as is required to state a claim under § 1985(2). *Voth*, 2016 WL 7535374, at *9. Therefore, Plaintiff's Second Amended Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'" as to this cause of action. *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff has not properly stated a claim for civil conspiracy under § 1985(2) against Judge Perkins.

> To state a claim for malicious prosecution under § 1983, a plaintiff must establish:
>
>> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (citing *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)). To state a claim for malicious abuse of process under § 1983, a plaintiff must show his "prosecution was initiated legitimately and thereafter was used for a purpose other than that intended by the law." *Ahmad v. Hudson Cty. Prosecutor's Off. Narcotics Task Force*, Civ. A. No. 15-8994, 2016 WL 3450819, at *4 (D.N.J. June 22, 2016) (citing *Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989)).

Plaintiff's Second Amended Complaint notes "while the two claims are similar, malicious prosecution and abuse of process claims have some essential differences." (ECF No. 30 ¶ 107.) Plaintiff clarifies he is suing for abuse of process "because the Court started a legal process with the intention to obtain results for which the process was not designed." (*Id.* ¶ 108.) And Plaintiff alleges he is suing for malicious prosecution because "the defendants 'maliciously' prosecuted the original criminal case and used a civil proceeding against him when the defendants knew [Erickson] and Judge Perkins did not have a case." (*Id.* ¶ 109.) Regarding his malicious prosecution claim, Plaintiff alleges he has "obtained a 'favorable termination' of the defendant's malicious drug case that has enabled him to sue for malicious prosecution." (*Id.* ¶ 110.)

Plaintiff has not properly stated a claim for malicious prosecution or abuse or process. Outside of the allegations stated above, which are, at best, conclusory allegations, Plaintiff provides no additional facts that entitle him to relief. For example, Plaintiff does not allege, as is required to state a claim for malicious prosecution, that Defendant "initiated a criminal proceeding" against him that was "initiated without probable cause." *See Halsey*, 750 F.3d at 296–97. And Plaintiff could not have made such a claim because, as Defendant points out, Plaintiff appeared before Defendant in Clifton Township Municipal Court for arraignment only. (ECF No. 66-2 at 10.) Further, Plaintiff does not show in his Second Amended Complaint that any "prosecution was initiated legitimately." *Ahmad*, 2016 WL 3450819, at *4. Accordingly, Plaintiff's claims for malicious prosecution and abuse of process must also be dismissed as to Judge Perkins.[3]

---

[3] While Defendant also makes an argument for dismissal under Fed. R. Civ. P. 12(b)(5), the Court need not reach that issue because dismissal is justified under Fed. R. Civ. P. 12(b)(6) alone.

## IV. CONCLUSION

For the reasons set forth above, Judge Perkins' Motion to Dismiss Counts V and VI of Plaintiff's Second Amended Complaint is **GRANTED**. An appropriate order follows.

**Date:** March 31, 2021                    */s/ Brian R. Martinotti*
                                            **HON. BRIAN R. MARTINOTTI**
                                            **UNITED STATES DISTRICT JUDGE**