UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAKHZOD SHOKIRJONIY, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CLINTON TOWNSHIP, *et al.*, <br><br> Defendants. | Case No. 3:18-cv-08904 (BRM) (DEA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Transfer filed by Plaintiff Shakhzod Shokirjoniy ("Plaintiff") seeking to transfer this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441. (ECF No. 73.) Defendant Judge Perkins filed an opposition (ECF No. 74), as did Defendants Joe Sangiovanni, Peter Schlesier, and the Township of Clinton (the "Township Defendants") (ECF No. 75). Plaintiff filed a "Response to Defendant's Motion to Dismiss" which will be construed by the Court as Plaintiff's Reply. (ECF No. 76.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Transfer is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The underlying facts are set forth at length in this Court's May 29, 2020 Opinion. (ECF No. 51.) In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

On November 4, 2020, Plaintiff requested the Court transfer this action to the Eastern District of New York "due to bias and prejudice of the Court itself." (ECF No. 73 at 5.) Both Defendant Judge Perkins and the Township Defendants filed oppositions to Plaintiff's Motion to Transfer. (ECF Nos. 74, 75.) Plaintiff filed a reply to these oppositions. (ECF No. 76.)

## II. LEGAL STANDARD

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In deciding a motion to transfer, the Court must first determine whether the alternative forum is a proper venue. *Fernandes v. Deutsche Bank Nat'l Tr. Co.*, 157 F. Supp. 3d 383, 389 (D.N.J. 2015); *see* 28 U.S.C. § 1391. Venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a plaintiff has laid a proper venue, "[t]he decision whether to transfer falls in the sound discretion of the trial court." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000). However, "the burden of establishing the need for transfer . . . rests with the movant." *Jumara v. State Farm Ins.*, 55 F.3d 873, 879 (3d Cir. 1995).

The Court must consider three factors when determining whether to grant a transfer under Section 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Liggett Grp., Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 526

2

(D.N.J. 2000) (citing 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879). These factors are not exclusive and must be applied through a "flexible and individualized analysis . . . made on the unique facts presented in each case." *Id.* at 527 (citations omitted). The first two factors have been refined into a non-exhaustive list of private and public interests that courts should consider. *See Jumara*, 55 F.3d at 879–80.

The private interests a court should consider include: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 474 (D.N.J. 1998) (citing *Jumara*, 55 F.3d at 879).

The public interests a court should consider include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* (citing *Jumara*, 55 F.3d at 879–80).

## III. DECISION

Plaintiff seeks transfer "because of bias and prejudice" he allegedly endured throughout his litigation in this District. Plaintiff submits four arguments in support of his request for transfer. First, Plaintiff notes "during a scheduled telephone conference" on September 15, 2020, "the

magistrate judge [referred] to the Plaintiff as a liar and was untruthful about having not received service from the defendant's counsel." (ECF No. 73 at 5.) Second, Plaintiff argues "the trial Court dismissed a key defendant after he admitted that he had used excessive force prior to having participated in the assault against the Plaintiff." (*Id.*) Third, Plaintiff asserts "the trial Court allowed said defendants [Judge Perkins] and Katherine Errickson to evade prosecution after not filing an answer to the complaint for two years." (*Id.*) Finally, Plaintiff submits "[t]he U.S. District Court and the Governor of New Jersey allow Peace Officers to continue to beat and assault citizens in said State without just cause." (*Id.*)

Defendant Judge Perkins asserts "there is no legal basis to transfer this case." (ECF No. 73 at 1.) He argues this action could not have been brought in the Eastern District of New York, where Plaintiff seeks to transfer this action. (*Id.*) Defendant Judge Perkins notes "Plaintiff does not set forth any reason to justify transferring this matter to the Eastern District of New York" and litigating this action outside the District of New Jersey "will certainly be less convenient for Defendants and potential witnesses." (*Id.* at 2.) Lastly, Defendant Judge Perkins submits the District of New Jersey is the only district where venue is proper because "[a]ll of the defendants reside in New Jersey, and the underlying events alleged in Plaintiff's Second Amended Complaint arose in New Jersey." (*Id.*)

The Township Defendants contend "Plaintiff identifi[ed] no basis for a transfer to begin with." (ECF No. 75 at 1.) Those Defendants also mirror Defendant Judge Perkins's arguments that the matter was properly brought in New Jersey because "all of the underlying events occurred in New Jersey, and all defendants reside in New Jersey." (*Id.*) Additionally, the Township Defendants note Plaintiff seeks transfer due to "prejudice and bias" which is "essentially a request for recusal," an argument for which "there is no basis . . . either." (*Id.* 1–2.) Lastly, the Township Defendants

4

assert Plaintiff did not file a "timely and sufficient affidavit that the judge pending before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party," as required by 28 U.S.C. § 144 to properly state a claim for recusal. (*Id.*)

In his reply to Defendant Judge Perkins and the Township Defendants' arguments, Plaintiff provides the relevant law regarding transfer, but does not provide sufficient facts justifying transfer to another district. (ECF No. 76 ¶¶ 12–16.) Under a heading titled "28 U.S.C. § 1391," Plaintiff argues "[c]learly, venue would be proper in . . . New York, Ohio, or New Jersey the question[] remains can the Plaintiff receive a fair trial" in New Jersey. (*Id.* ¶ 17.) The answer, according to Plaintiff, is "no." (*Id.*) Plaintiff asserts "the trial Court allowed said defendants Erick Perkins and Katherine Errickson to evade prosecution after not filing an answer to the complainant for two years" which "further sustains judicial bias by the District Court." (*Id.* ¶ 18.) Plaintiff also contends this Court demonstrated "judicial bias" by allowing Judge Perkins "to evade service of process." (*Id.* ¶ 19.) Additionally, Plaintiff asserts venue is proper in "the State of Ohio in one of its District Courts" because Plaintiff resides there, as well as in New York because the Plaintiff mainly transacts business there. (*Id.* ¶¶ 20–21.) Therefore, Plaintiff seeks transfer to Eastern District of New York or "the Southern District of Ohio because of bias and prejudice." (*Id.* ¶ 23.)

As discussed above, "[t]he burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). However, the movant "is not required to show 'truly compelling circumstances for . . . change . . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district.'" *In re U.S.*, 273 F.3d 380, 388 (3d Cir. 2001) (quoting *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995)).

Here, Plaintiff argues venue is "clearly" proper in New York or Ohio because he lives in Ohio and transacts business in New York. (ECF No. 76 ¶ 17.) However, a plaintiff's residence or where a plaintiff transacts business has no bearing on where venue is appropriate. *See* 28 U.S.C. § 1391(b). Generally, venue is only appropriate in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id.* Defendants Joseph Sangiovanni and Peter Schlesier were, at all relevant times, police officers employed by Defendant Township of Clinton when interacting with Plaintiff. (ECF No. 14 ¶¶ 4–5.) The Township of Clinton "is a municipality of the State of New Jersey." (*Id.* ¶ 2.) Because Defendants Sangiovanni and Schlesier are New Jersey police officers, they presumably reside in New Jersey. *Brooks v. Dardzinski*, Civ. A. No. 14-7474, 2016 WL 6806339, at *3 (D.N.J. Nov. 17, 2016) (finding venue proper in New York because "[p]resumably the defendants, New York police detectives, reside in New York"). Further, the returned and executed summons indicates the Clinton Township Police Department is located in Annandale, New Jersey (ECF No. 12 at 2), where both Defendant Schlesier (*id.* at 6) and Defendant Sangiovanni (*id.* at 9) were served. Defendant Judge Perkins is a judge in the Clinton Municipal Court, which is also located in Annandale, New Jersey. (*Id.* at 12.) Additionally, the events giving rise to this action all occurred in New Jersey. (ECF No. 30.) Therefore, venue is appropriate in New Jersey and transfer to another judicial district is not justified.

Plaintiff additionally argues transfer is appropriate because of "bias and prejudice" by the Court. (ECF No. 76 ¶ 23.) "The two principal statutes which address judicial recusal are 28 U.S.C. §§ 144 and 455." *Copeland v. Twp. of Bellmawr*, Civ. A. No. 1:17-12104, 2019 WL 494454, at *2

(D.N.J. Feb. 8, 2019). While Plaintiff does not indicate under which statute he seeks recusal (*see* ECF Nos. 73, 76), his assertion tracks more closely to the language of 28 U.S.C. § 144. That statute states, in relevant part:

> Whenever a party to any proceeding in a district court *makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice* either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144 (emphasis added). Plaintiff has not filed the necessary affidavit or the requisite certification of counsel in this action (*see* ECF Nos. 73, 76), so his recusal request can be denied on that basis alone. *Watson v. Sec'y Penn. Dep't of Corr.*, 567 F. App'x 75, 80 (3d Cir. 2014) (affirming District Court's denial of recusal request in part because "no affidavits or other evidence accompanied" the allegations of recusal); *Parker v. Bd. of Supervisors Univ. of Louisiana-Lafayette*, 270 F. App'x 314, 316 (5th Cir. 2008) (finding that motion for recusal lacked merit because "[Plaintiff] failed to accompany his motion asserting bias with a 'timely and sufficient affidavit' and a 'certificate of counsel of record stating that it is made in good faith,' even if signed by himself pro se, as required by § 144") (citations omitted); *Eric v. Kansas*, Civ. A. No. 19-4083, 2019 WL 5787950, at *1 (D. Kan. Nov. 6, 2019) ("The plaintiff has not complied with 28 U.S.C. § 144, because he has submitted no affidavit sufficient in showing personal bias or prejudice against him."). Here, the Court will treat the Motion itself as an affidavit in support of recusal. *Roudabush v. Pirelli*, Civ. A. No. 14-1923, 2015 WL 5567413, at *4 n.5 (D.N.J. Sept. 22, 2015) ("Although Plaintiff has filed no affidavit in support of his motion, the Court will treat the motion itself as an affidavit in support and will accept as true all facts alleged in the motion."). Plaintiff's motion asserts this Court "dismissed a key defendant" and "allowed . . . defendants Erick Perkins and Katherine Errickson to evade prosecution." (ECF No. 73 at 5.) However,

7

"judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." *United States v. Wecht*, 484 F.3d 194, 218 (3d Cir. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal"). Therefore, because Plaintiff has not presented the Court with anything more than disagreement with the Court's ruling, the request for recusal is **DENIED**.

**IV.** **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Transfer is **DENIED**. An appropriate order follows.

**Date: May 7, 2021**  /s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**